USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/17/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDRE C. JONES, SR.,

                   Plaintiff,

-against-

N.Y.C./D.O.C./V.C.B.C. WARDEN CARTER;
N.Y.C./D.O.C./V.C.B.C. CAPTAIN GUERRA; 3-AA
HOUSING UNIT CAPTAIN;
N.Y.C./D.O.C./V.C.B.C. CAPTAIN JOHN DOE
INTAKE SUPERVISING CAPTAIN;
N.Y.C./D.O.C./V.C.B.C. CAPTAIN HORTON,

                   Defendants.

21-CV-8990 (VEC) (SLC)

ORDER ADOPTING REPORT &
RECOMMENDATION

---

VALERIE CAPRONI, United States District Judge:

       WHEREAS on October 19, 2021, Michael Lee filed a complaint against Defendants alleging violations under 42 U.S.C. § 1983 on behalf of himself and 25 other detainees, including Plaintiff Andre C. Jones, who were being detained in the Vernon C. Bain Center, a prison barge that is part of the Rikers Island complex, *see* Dkt. 1 in 21-CV-8629 (PAE) (RWL);

       WHEREAS on November 1, 2021, Chief Judge Swain severed the claims of all plaintiffs under Fed. R. Civ. P. 21, *see* Dkt. 1;

       WHEREAS on December 9, 2021, the Court referred this case to Magistrate Judge Cave for general pretrial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, Dkt. 7;

       WHEREAS on March 14, 2022, Defendants moved to dismiss the Complaint (the "Motion"), Dkt. 16;

       WHEREAS on March 15, 2022, Judge Cave *sua sponte* extended Plaintiff's deadline to oppose the Motion or to amend his complaint to April 28, 2022, Dkt. 19;

WHEREAS on May 9, 2022, after Plaintiff failed to oppose the Motion or amend his complaint, Judge Cave again extended the deadline to respond by May 31, 2022, Dkt. 20;

WHEREAS on June 16, 2022, after Plaintiff had again failed to respond, Judge Cave "deem[ed] the Motion to be fully briefed," Dkt. 21;

WHEREAS on December 16, 2022, Judge Cave entered an R&R recommending that Defendants' motion be granted and that the case be dismissed with prejudice and noting that failure to file objections would result in both the waiver of objections and the preclusion of appellate review, Dkt. 22;

WHEREAS Plaintiff's deadline to file objections to the R&R was December 30, 2022, *see id.* at 24;

WHEREAS no objections were filed;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954));

WHEREAS "the Second Circuit, as a general matter, is solicitous of *pro se* litigants, enforcing standards of procedural leniency rather than holding them to the rigidities of federal practice," *Massie v. Metro. Museum of Art*, 651 F. Supp. 2d 88, 93 (S.D.N.Y. 2009);

WHEREAS the R&R recommends granting the Motion and dismissing this action with prejudice for failure to exhaust administrative remedies and, alternatively, for failure to state a claim, *see* R&R at 18, 22–23, Dkt. 22; and

WHEREAS careful review of the R&R reveals that there is no clear error.

IT IS HEREBY ORDERED that the R&R is ADOPTED in full. Defendant's motion to dismiss is GRANTED, and this case is DISMISSED with prejudice.[1]

The Clerk of Court is respectfully directed to terminate the motion at docket entry 16.

SO ORDERED.

Dated: March 17, 2023
New York, New York

_____
VALERIE CAPRONI
United States District Judge

---

[1] As of June 2022, all Court orders mailed to Plaintiff at the only address he has provided the Court have been returned to the Court. *See* Dkt. 21; *see also* July 11, 2022 minute entry (noting that the Court received returned mail of Judge Cave's June 16, 2022 Order). Judge Cave had previously warned Plaintiff on multiple occasions of his "obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so." Order, Dkt. 5; *see also* Dkts. 8, 9, 19 (orders issued and mailed to Plaintiff between December 2021 and March 2022, which included similar warnings and change-of-address forms). Federal Rule of Civil Procedure 41(b) gives district courts the power to dismiss a case if "the plaintiff fails to prosecute" the case, "to comply with [the Federal Rules of Civil Procedure]," or to comply with court orders. Fed. R. Civ. P. 41(b); *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004). Rule 41(b) does not define "failure to prosecute," but "[i]t can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). Although this case could have been dismissed for failure to prosecute, in light of the complaint's substantive, irremediable shortcomings, the Court concurs with Judge Cave's approach to dismiss the case with prejudice.